UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAVERICK MANUFACTURING, LLC,

    Plaintiff,

v.                                                                        Case No. 05-C-1094

CONFIDENTIAL DATA SYSTEMS, INC.,

    Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff Maverick Manufacturing, LLC, sued Defendant Confidential Data Systems, Inc., for breach of contract. CDSI has moved to dismiss the case for lack of personal jurisdiction or, in the alternative, to transfer the case to the Southern District of Florida, where CDSI is headquartered. For the following reasons, CDSI's motion will be denied.

      As a preliminary matter, the court notes that this case is purportedly before it on diversity jurisdiction. *See* 28 U.S.C. § 1332. Maverick, however, is a limited liability company, which means that it derives it citizenship from the citizenship of its members. *Belleville Catering Co. v. Champaign Market Place*, LLC, 350 F.3d 691, 692 (7th Cir. 2003). To determine the citizenship of a limited liability company, "[a] federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). To proceed without such knowledge can result in a waste of time and resources for both the court and the parties, since subject matter jurisdiction cannot be waived and can be raised *sua sponte* even on appeal. *See Belleville Catering*, 350 F.3d at 693-94. Neither the

complaint nor the affidavits filed in connection with the motion to dismiss specify clearly the identity or the citizenship of Maverick's members. It is therefore ordered that within twenty days of the date of this order, Maverick should file an amended complaint clearly setting forth the grounds for this court's subject matter jurisdiction. Absent subject matter jurisdiction, the court would have to dismiss this case. *Id.* at 693.

As to the question of personal jurisdiction raised in the motion to dismiss, the parties present substantially different accounts of the transaction underlying this litigation. In determining whether jurisdiction exists over a non-resident defendant, the court can rely on the complaint and any affidavits that have been submitted. *Schimpf v. Gerald, Inc.*, 2 F. Supp. 2d 1150, 1160 (E.D. Wis. 1998). Although the burden of proving jurisdiction rests on the party asserting jurisdiction, if the district court's decision is based on the submission of written materials, the burden of proof is met by a prima facie showing that personal jurisdiction is conferred under the relevant jurisdictional statute. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Further, the party asserting jurisdiction is, like a party opposing summary judgment, entitled to the resolution in its favor of all disputes concerning relevant facts. *Id.* With that in mind, the court sets forth the facts below in the light most favorable to Maverick, the party asserting jurisdiction.

Maverick is a manufacturer of arcade and entertainment machines and component parts. (Jacobson Aff. ¶ 2.) Its headquarters are at Menasha, Wisconsin, and its manufacturing facility is at Fremont, Wisconsin. (*Id.*) CDSI is a research and development company which, among other things, manufactures cashless gaming systems. (Petruccelli Aff. ¶ 3.) CDSI is incorporated under Florida law and its principal offices are at Hollywood, Florida. (*Id.* ¶ 2.) Eric Jacobson, the managing member of Maverick, avers that Maverick's business dealings with CDSI began in July

2

2004, when he received a call from Matthew Petruccelli, the manager of CDSI. (Jacobson Aff. ¶¶ 3-5.) CDSI requested samples of Maverick's tilt-out cabinets, drawers and button panels during July and August 2004. (*Id.* ¶¶ 5-10.) Maverick sent these items to CDSI in Florida. (*Id.*) In August 2004, CDSI ordered ninety-four amusement machine cabinets from Maverick. Maverick manufactured the cabinets in Wisconsin and shipped them to CDSI in Florida. (*Id.* ¶¶ 13-15.) On September 10, 2004, CDSI ordered 144 monitors from Maverick. Maverick shipped the monitors to CDSI on September 16, 2004. (*Id.* ¶ 17.) On that same day, CDSI ordered twenty-five cabinet top locks and keys, which Maverick shipped on September 20, 2004. (*Id.* ¶ 22-23.) On September 22 and September 25, 2004, CDSI ordered twenty-four and fifty-four circuits boards, respectively, which were shipped to CDSI on direction from Maverick.[1] (*Id.* ¶¶ 24-27.) The parties later discussed entering into a joint venture, but nothing came of the discussions. Maverick contends that it never received payment for its sales to CDSI.[2]

In order to establish personal jurisdiction over CDSI, Maverick must first demonstrate such jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998). Even if Maverick satisfies this burden, CDSI may still avoid this court's jurisdiction by showing that an exercise of jurisdiction would not comply with the Due Process Clause of the Constitution. *Id*. To satisfy due process, "it is essential in each case

---

[1]Apparently the circuit boards were supplied by a third party, rather than manufactured by Maverick in Wisconsin.

[2]CDSI describes a very different series of events. It claims that Jacobson first contacted Petruccelli about the possibility of CDSI retrofitting games owned by Maverick. (Petruccelli Aff. ¶ 5.) According to CDSI, Maverick shipped its own cabinets and monitors to Florida for CDSI to retrofit. (*Id.* ¶¶ 6-8.) The only purchase from Maverick that CDSI concedes is of 50 monitors. (*Id.* ¶ 9.)

3

that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

Maverick argues that personal jurisdiction exists under Wis. Stat. §801.05(5)(d), which reads:

> A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 . . . [i]n any action which . . . [r]elates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction . . . .

Maverick points to the three orders that CDSI placed with Maverick, in response to which Maverick shipped goods from Wisconsin to CDSI. Maverick also notes that it shipped samples of its products to CDSI on CDSI's request. Maverick contends that these shipments are sufficient to establish jurisdiction under §801.05(5)(d). CDSI, while conceding that (on Maverick's version of the facts) the literal terms of the statute are satisfied, contends that the Due Process Clause nevertheless precludes personal jurisdiction.

As authority for its argument, CDSI cites *Lakeside Bridge & Steel Co. v. Mountain State Const. Co., Inc.*, 597 F.2d 596 (7th Cir. 1979), in which the Seventh Circuit held that the mere fact that the defendant ordered goods from a Wisconsin plaintiff, knowing that those goods were likely to be manufactured in and shipped from Wisconsin, did not satisfy the requirements of the due process clause. In *Lakeside*, the plaintiff first solicited the defendant's business by visiting the defendant's offices in West Virginia. The defendant thereafter made telephone calls to the plaintiff in Wisconsin and mailed a purchase order to the plaintiff in Wisconsin, which the plaintiff filled

4

and shipped from its plant in Milwaukee. The Seventh Circuit held that under these circumstances, the defendant had not purposefully availed itself of the privilege of conducting activities in Wisconsin. *Id.* at 603. Accordingly, the defendant was not subject to personal jurisdiction.

In response, Maverick cites *Madison Consulting Group v. South Carolina*, 752 F.2d 1193 (7th Cir. 1985), in which the Seventh Circuit, distinguishing *Lakeside*, held that the State of South Carolina and various of its officials could be sued in Wisconsin for breaching a contract pursuant to which consulting services were performed in Wisconsin. The defendants first solicited the plaintiff's business through a phone call placed from Washington, D.C., to Wisconsin. Thereafter, the defendants engaged the plaintiff to perform consulting work, knowing that most of the work would be performed in Wisconsin. The Seventh Circuit held that "when a defendant is responsible for initiating several significant links with the forum plaintiff leading to the transaction at issue, this is sufficient to satisfy the Fourteenth Amendment." *Id.* at 1203. *See also Heritage House Restaurants, Inc. v. Continental Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir. 1990) ("Continental purposefully availed itself of a business transaction with an Illinois corporation located and doing business in Illinois. One relevant inquiry is which party initiated the business transaction.")

On Maverick's version of the facts–which the court must accept as true at this stage–CDSI initiated the series of communications leading to the formation of the contracts at issue. Accordingly, exercise of jurisdiction under Wis. Stat. §801.05(5)(d) does not offend the Due Process Clause. CDSI, of course, contests Maverick's version of the facts. Should discovery reveal that no basis for jurisdiction exists, CDSI is free to renew its motion for dismissal. Based on the record as it now stands, however, that motion will be denied.

5

CDSI argues that, even if it is subject to this court's personal jurisdiction, the court should transfer the case to the Southern District of Florida. 28 U.S.C. § 1404(a) permits such a transfer "for the convenience of parties and witnesses, in the interest of justice."

> In evaluating a request for transfer under § 1404(a), a court should evaluate a broad set of considerations, including private and public interest factors. Private interest factors include plaintiff's choice of forum, the situs of operative events, the convenience of the parties and witnesses relative to their respective residences and the parties' abilities to bear the expense of trial in a particular forum. Public interest considerations include judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses.

*Pacer Global Logistics, Inc. v. National Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 791-792 (E.D. Wis. 2003) (internal citations omitted). CDSI "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986).

The court cannot find that CDSI has made such a clear showing. The parties' filings describe transactions conducted between a party in Wisconsin and a party in Florida. While CDSI asserts that the majority of witnesses are located in Florida (Br. at 21), it does not identify those witnesses. Maverick, for its part, asserts that weight should be given to its choice of Wisconsin as the forum for the resolution of this case. *Federal Deposit Ins. Co. v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979) ("[T]he trial court must give some weight to the plaintiff's choice of forum."). CDSI points to nothing sufficient to outweigh that choice. The court therefore declines to transfer the case.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss For Lack Of Personal Jurisdiction Or Alternative Motion To Transfer Venue (Docket #8) is hereby **DENIED.** Plaintiff's Motion To Hold Decision On Defendant's Motion To Dismiss In Abeyance To Permit Limited Discovery And Supplemental Briefing (Docket # 15) is **DENIED** as moot.

6

**IT IS FURTHER ORDERED** that within twenty days of the date of this order, plaintiff shall file an amended complaint clearly setting forth the grounds of this court's subject matter jurisdiction. Defendant need file an answer only to the amended complaint.

Dated this   29th   day of March, 2006.

                                                   s/ William C. Griesbach
                                                   William C. Griesbach
                                                 United States District Judge

7

Case 1:05-cv-01094-WCG   Filed 03/29/06   Page 7 of 7   Document 26